■ In the Matter of ROBERT P. HENNELLY, JR., Respondent, v LISA VIGER, Appellant. [603 NYS2d 168] —In a child custody

proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Slobod, J.), entered August 25, 1992, which, after a hearing, transferred primary custody of the child to the father. By decision and order of this Court dated June 28, 1993, the appeal was held in abeyance and the matter was remitted to the Family Court, Orange County, for a report stating the facts essential to its decision (Matter of Hennelly v Viger, 194 AD2d 791). The Family Court has submitted its report.

Ordered that the order is affirmed, without costs or disbursements.

We find no merit to the mother's contention on appeal that the Family Court improperly delegated its decision to the expert. While the Family Court cannot delegate to anyone the power to decide questions of child custody (see, Kesseler v Kesseler, 10 NY2d 445, remittitur amended 11 NY2d 716; Glauber v Glauber, 192 AD2d 94), the report of the Family Court demonstrates that it properly reserved the final decision to itself, and that it relied upon the record as a whole. In addition to the expert's report, the record reviewed by the court contained, inter alia, an evaluation by a mental health assessment team, testimony by Dr. Sue Avedon, the father's expert, and submissions by other professionals. In addition, the Law Guardian recommended granting custody to the father. The court found that the father's household could provide a more stable and protected environment than the mother's, the father and step-mother were more nurturing and less impulsive, the child was equally bonded to each parent but was more bonded to the step-mother than to the step-father, and the child was both unhappy with the constant arguing between the mother and the step-father, and unwavering in her desire to be with her father. As the determination was clearly in the best interests of the child, we affirm. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.