■ In the Matter of STUART LAEYT, Appellant, v DEBRA LAEYT, Respondent. [702 NYS2d 207] —Peters, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered February 5, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to hold respondent in violation of a prior court order.

The parties share joint custody of their son pursuant to a 1994 court order. Upon three petitions filed by petitioner alleging, *inter alia*, the consumption of alcohol, smoking and fighting with respondent's paramour in the presence of the minor child,* the parties appeared in Family Court for the 54th time in less than four years. In an attempt to bring some normalcy to the child's life, the court cautioned that any order resolving the pending petitions would contain a contempt warning indicating that a willful violation could result in imprisonment. The parties, all represented by counsel, indicated that they had reached a settlement of the outstanding petitions and so placed that settlement on the record. At such time, the court directed that the settlement further include a provision requiring them "to contact Community Dispute Resolution prior to the filing of any additional petitions".

The parties ultimately voiced their clear and unequivocal as-

---

* Although not included in the record on appeal, these issues, among others, appear to be the subject of the three petitions.

sent to each and every term and condition placed upon the record in open court; counsel for petitioner was directed to reduce the agreement to an order for Family Court's signature. Prior to the court's entry of the written order, petitioner filed yet another petition. At the hearing, petitioner acknowledged his failure to schedule mediation prior to the filing of such petition. The court dismissed the petition, prompting this appeal.

Although petitioner contends that Family Court erred in requiring mediation as a condition precedent to the filing of any new petitions, we note that the order embodying the open-court stipulation was neither appealed from nor sought to be modified or vacated upon allegations that it was unconscionable, the product of a material mistake or shown not to be in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Goldman v Goldman*, 201 AD2d 860). "[I]t is well settled that the law favors stipulations of settlement, particularly those which, as here, are read into the record in open court with all the parties represented by counsel. These agreements will not be lightly set aside absent a cause sufficient to invalidate a contract" (*Matter of Fialkowski v Gilroy*, 200 AD2d 668, 670, *lv denied* 84 NY2d 920; *see, Freidus v Eisenberg*, 71 NY2d 981; *Matter of Flournoy v Porter*, 188 AD2d 465). We do not find this voluntary agreement to mediate prior to the filing of further petitions to be either an affront to public policy or a preclusion from seeking judicial intervention (*see generally*, Family Ct Act §§ 216-b, 216-c [b]). As questions concerning the child's custody were not delegated to another (*see, Matter of Hennelly v Viger*, 198 AD2d 224, 225; *see also, Kesseler v Kesseler*, 10 NY2d 445; *Glauber v Glauber*, 192 AD2d 94, 97), no basis exists upon which we would disturb the order rendered.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.