Peters, J.
Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 23, 2003, which, inter alia, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection.
After the commencement of an action for divorce, the parties entered into a stipulation, approved by Family Court, which provided for joint legal custody of their two children, born in 1997 and 1999, but limited respondent’s access to the children. Approximately one month later, petitioner sought an order of protection against respondent by alleging that he committed acts which constituted stalking in the fourth degree and harassment in the second degree. Family Court issued a temporary or *838 der of protection that limited respondent’s visitation to eight hours on Sundays and, after a fact-finding hearing, found the allegations established by the requisite proof. At the dispositional hearing, the parties agreed that respondent’s Sunday visitations would be supervised, and a new order of protection was issued. This September 3, 2002 order was allegedly violated three weeks later when respondent was left alone with his own children and the child of his supervisors. Family Court suspended respondent’s visitation pending the fact-finding hearing. The day before such hearing, Family Court advised the parties that it was deferring consideration of a petition propounded by respondent seeking unsupervised visitation. The court also announced that if it found a violation of the order of protection, a dispositional hearing would be held during which respondent’s request for visitation could be considered.
Limiting the evidence at the fact-finding hearing solely to whether the violation occurred, Family Court found a violation of the September 3, 2002 order of protection and, without conducting a dispositional hearing, named a new supervisor recommended by respondent and permitted expanded unsupervised visitation, including overnight visitation, upon certain terms and conditions. The court also amended the order of protection to provide for a one-year expiration date as compared to the term set in the earlier order which continued until the younger child’s 18th birthday. This appeal ensued.
Findings made by Family Court typically remain undisturbed on appeal unless they are found to lack a sound basis in the record (see Matter of Shaun X., 300 AD2d 772, 773 [2002]; Matter of Simpson v Simrell, 296 AD2d 621, 621 [2002]; Matter of Catherine P., 269 AD2d 702, 703 [2000], lv denied 95 NY2d 751 [2000]). On issues of visitation, our review is always “tempered ... by the overriding concern for the best interest of the child” {Matter of Simpson v Simrell, supra at 621).
Here, we can discern no viable reason for Family Court’s failure to hold a dispositional hearing before making a determination to expand, rather than restrict, the visitation terms contained in the September 3, 2002 order of protection where its violation was established at the fact-finding hearing. Without further commenting on the modifications so made, we note that the court was fully aware that the parties intended to present evidence concerning visitation. Had the hearing been held, the court would have had the opportunity to make an informed judgment not only on the visitation issue but also in its choice of a new supervisor (see Matter of V.C. v H.C., 257 AD2d 27, 33-34 [1999]). Moreover, evidence could have been presented *839 concerning the term of the order (see Family Ct Act § 842; Matter of Alfeo v Alfeo, 306 AD2d 471, 471 [2003]; Matter of Rice v Rice, 280 AD2d 677, 678 [2001]).
Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, the September 3, 2003 order is reinstated and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court’s decision.