■ In the Matter of PATRICIA T. HENDERSON, Respondent, v JAMES P. HENDERSON, Appellant. [779 NYS2d 282]—

Mercure, J.P. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered November 7, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

The parties are the divorced parents of a daughter, born in 1991. In May 2003, respondent (hereinafter the father) threatened to kill petitioner (hereinafter the mother), who was standing at the open passenger side door of his vehicle. As the parties' daughter watched, the father then backed up his vehicle, knocking the mother to the ground and causing her injury. The mother thereafter commenced the instant family offense proceeding, requesting an order of protection against the father under Family Ct Act article 8.

After a fact-finding hearing, Family Court issued an order of protection, effective for one year, that directed the father to stay away from the mother and refrain from contacting her, except via mail or e-mail regarding the parties' daughter. The court also directed that the father reimburse the mother for any expenses she incurred as a result of the incident, complete an "offender accountability course" and have visitation with the parties' daughter only as recommended by her mental health counselor. The father appeals.

The mother concedes that Family Court, in directing that the daughter's mental health counselor structure the terms of the father's visitation, impermissibly delegated its authority to determine the best interests of the child (*see Matter of Fisk v Fisk,* 274 AD2d 691, 693 [2000]; *Matter of Millett v Millett,* 270 AD2d 520, 522 [2000]). In addition, we conclude that Family Court erred in failing to hold a dispositional hearing prior to limiting the father's visitation with the child. Although a dispositional hearing is not always required in Family Ct Act article 8 proceedings (*see Matter of V.C. v H.C.,* 257 AD2d 27,

35-36 [1999]) and, under the circumstances presented here, a separate dispositional hearing was not warranted with respect to those portions of the order of protection that directed the father to stay away from the mother (*see Matter of Annie C. v Marcellus W.,* 278 AD2d 177, 177-178 [2000]), neither party produced sufficient evidence regarding the child's best interests to permit Family Court to make an informed judgment regarding visitation. Moreover, Family Court failed to state the facts it deemed essential to its decision that the structure of the father's visitation with the child be altered (*see* CPLR 4213 [b]).

Accordingly, we must remit this matter for a dispositional hearing concerning whether a limitation of visitation with the father is in the child's best interests (*see Matter of Crane v Lopez-Arias,* 1 AD3d 837, 838-839 [2003]; *Matter of Laffey v Laffey,* 289 AD2d 577, 577 [2001]; *Matter of Mitchell v Muhammed,* 275 AD2d 783, 783 [2000]; *see also* Family Ct Act § 842). In addition, the parties should be given an opportunity to present evidence documenting the amount of the mother's medical expenses that remain unreimbursed.

We have considered the father's remaining arguments and conclude that they are either unpreserved, rendered academic by our decision or otherwise lacking in merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting those portions thereof as directed a modification of visitation and reimbursement of medical expenses; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.