■ In the Matter of JAMES COVINGTON, Respondent, v ROBIN COLEMAN, Appellant. [825 NYS2d 790]—

Lahtinen, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered July 13, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the parents of two children (born in 1992 and 1993). Petitioner (hereinafter the father), who is serving a life prison sentence in New Hampshire for murder, moved to set aside an April 1999 custody order upon the ground that he allegedly was never served with notice of that prior proceeding. The April 1999 order, which is not in the record, ostensibly granted respondent (hereinafter the mother) sole legal custody. The father reportedly had no contact with the children for many years. Family Court treated the motion as a petition for visitation and, following several court appearances, the parties stipulated on the record to certain terms, including that school report cards and photographs would be sent by the mother to the

---

father, he would be kept apprised of the children's health, letters could be exchanged between the father and the children, the father could call the children at his expense and the father could contact the children's therapist. The father's attorney was directed to prepare a proposed order, and the order he prepared included a provision that the children could visit the father if recommended by the children's therapist. Upon receipt of the proposed order, the mother's attorney immediately objected to such provision as not being part of the stipulation. Family Court, however, had already signed the order and refused to amend it. The mother appeals.

Review of the record reveals that the therapist's role was not set forth clearly and unambiguously (*see Dudick v Gulyas*, 4 AD3d 604, 606 [2004]). While the father's attorney stated his "understanding" that the agreement included visitation with the father upon the therapist's recommendation, the proceeding abruptly changed course before there was any response when the father was reached at prison on the telephone. During the course of the ensuing conversation with the father, the agreement was represented as being set forth in a letter (which is not in the record) and the only mention of the therapist's role was that the father would be permitted to communicate with the therapist. When the mother's counsel later agreed to settlement terms, he mentioned several provisions, but not the one involving visitation upon the therapist's approval. Not only is the disputed provision not clearly agreed to by all parties, but it also appears to improperly delegate to the therapist Family Court's role (*see Matter of Sloand v Sloand*, 30 AD3d 784, 787 [2006]; *Matter of Battista v Battista*, 294 AD2d 941, 941 [2002]; *Matter of Millett v Millett*, 270 AD2d 520, 522 [2000]). The better procedure regarding visitation at the prison would be to permit the father to file at a later time a new application for visitation as dictated by future circumstances, which necessarily would include the therapist's recommendation and circumstances relevant to the best interests of the children (*see generally Matter of Rogowski v Rogowski*, 251 AD2d 827 [1998]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.