■ In the Matter of DONALD E. GAITOR, Respondent, v BARBARA R. MORRISSEY, Appellant. (And Six Other Related Proceedings.) [849 NYS2d 324]—

Peters, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered April 25, 2006, which granted petitioner's application, in seven proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) have one child together, Patrick (born in 1991). Pursuant to a December 2003 order of the Family Court of Albany County, the parties shared joint legal custody, with the father maintaining primary physical custody. On May 2, 2005, the father filed a violation petition alleging that the mother signed the child out of school without reason. On that same day, the mother went to the Family Court of Saratoga County and filed a violation petition, a family offense petition against the father's wife and a petition for a change in custody. While these petitions were pending, the mother removed the child from school and proceeded to abscond with him to New Mexico. The child contacted the father and hid in a public bathroom until he was retrieved by the police. This prompted three more filings by the father alleging a second violation, a family offense and a request for modification of the custody order. The mother's visitation rights were temporarily suspended, all outstanding

petitions pending before the Saratoga County Family Court were transferred to Albany County, and the mother was granted temporary supervised visitation.

On April 13, 2006, all parties, their counsel and the Law Guardian appeared before Family Court. First to be addressed was an application by the mother's attorney, at the direction of the mother, requesting permission to withdraw as her counsel. Noting that the mother had relieved two prior assigned attorneys, the mother informed Family Court that she wished to proceed pro se and have her attorney advise her as needed. Although she continued to request an adjournment of the trial for the purpose of obtaining new counsel, Family Court noted how close the parties were to a settlement. Without relieving the mother's attorney, extensive settlement discussions ensued between the parties, all counsel and the court. The mother's attorney sporadically participated through direct communication with Family Court and indirect advice to her client. When Family Court sought to discern whether the mother was, in fact, proceeding pro se with the assistance of counsel and whether the mother was content with the services that she had been provided, the mother clearly articulated that she was content with having the assistance of counsel during these negotiations; she agreed to have counsel relieved at the conclusion of that conference. The stipulation of settlement was placed on the record with the consent of all parties and counsel. The mother appeals.

The mother's claim that she was denied her right to counsel has no merit. Her decision to fully participate in the settlement negotiations, with the limited role she devised for her attorney, reveals that she entered into these negotiations knowingly, voluntarily and intelligently waiving the typical attorney-client relationship (*see Matter of Hassig v Hassig*, 34 AD3d 1089, 1091 [2006]; *Matter of Bauer v Bost*, 298 AD2d 648, 650 [2002]). Any further claim that she received ineffective assistance of counsel is belied by the record when we view, in their totality, the extensive colloquy that she had with Family Court and her counsel who advised and advocated on her behalf (*see Matter of Ashley L.*, 22 AD3d 915, 917 [2005]).

As to the stipulation of settlement, entered on the record in open court, modifying the terms of the December 2003 order of custody, it will not lightly be set aside unless "fraud, collusion, mistake or accident is established" (*Matter of Rose BB.*, 300 AD2d 868, 869 [2002]; *see Curcio v Watervliet City School Dist.*, 21 AD3d 666, 667 [2005], *lv denied* 5 NY3d 715 [2005]; *Stefanovich v Boisvert*, 271 AD2d 727, 728 [2000]). Here, the mother

actively participated in crafting the specifics of that order by negotiating the inclusion of additional terms such as her access to school and medical records, her right to participate in major medical decisions, the father's mandated participation in counseling, a new location for the exchange of their child and a grant of authority to her therapist to determine when her supervised visitations could end, thereby progressing to the unsupervised provisions in the prior order. It is this last provision which must be set aside since Family Court improperly delegated its responsibility to determine when the mother's visitation may be modified (*see Matter of Battista v Battista*, 294 AD2d 941, 941 [2002]; *see also Matter of Covington v Coleman*, 34 AD3d 1107, 1108 [2006]; *Matter of William BB. v Susan DD.*, 31 AD3d 907, 908 [2006]; *Matter of St. Pierre v Burrows*, 14 AD3d 889, 890-891 [2005]; *Matter of Henderson v Henderson*, 9 AD3d 569, 569 [2004]; *compare Matter of Laeyt v Laeyt*, 268 AD2d 815, 816 [2000]). As to the remaining provisions, we find no "fraud, collusion, mistake or accident" (*Matter of Rose BB.*, 300 AD2d at 869; *see Matter of Sloand v Sloand*, 30 AD3d 784, 787 [2006]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as delegated to the therapist the authority to modify respondent's access to the child; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.