■ PHILIP RAGONE, Respondent, v MARIA KONOPKA RAGONE, Appellant. [877 NYS2d 909]—

In an action for divorce and ancillary relief, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Nassau County (Ross, J.), entered February 6, 2008, as directed her to pay 100% of the fees of a parenting coordinator appointed by the court, and (2) so much of an order of the same court entered February 28, 2008, as directed her to pay 100% of the fees of a therapist appointed by the court.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the parties' relative financial positions and new determinations thereafter regarding apportionment of the fees of the parenting coordinator and therapist.

The defendant contends that given the parties' financial situations, the Supreme Court erred in directing her to pay 100% of

the fees of a parenting coordinator and therapist. It was error for the Supreme Court to require the defendant to pay 100% of the fees for the parenting coordinator and therapist without considering her financial status (*see Cervera v Bressler*, 50 AD3d 837 [2008]; *Klutchko v Baron*, 1 AD3d 400 [2003]; Domestic Relations Law § 237 [d] [4]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine the parties' relative financial positions and new determinations thereafter. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.