■ DGANIT RAVIV, Respondent, v LIOR RAVIV, Appellant. [884 NYS2d 81]—

In a post-judgment action to modify a judgment of divorce,

the defendant former husband appeals from (1) so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated September 3, 2008, as, upon, inter alia, the plaintiff's motion for sole legal and residential custody of the parties' three children, directed him to pay 100% of the fees associated with a parenting coordinator appointed by the court, and denied his cross motion for an award of an attorney's fee, and (2) so much of a supplemental order of the same court dated September 4, 2008, as, upon appointing a parenting coordinator for a period of 18 months, directed him to pay the parenting coordinator 100% of an initial retainer of $2,500 and $250 per hour beyond the retainer.

Ordered that the order and supplemental order are modified, on the facts and in the exercise of discretion, by deleting the provisions thereof directing that the defendant pay 100% of the fees charged by the parenting coordinator, and substituting therefor provisions directing that the parties each pay 50% of the fees charged by the parenting coordinator and that the plaintiff reimburse the defendant 50% of the fees previously paid by him to the parenting coordinator; as so modified, the order and supplemental order are affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by judgment entered December 8, 2005. Pursuant to the terms of their separation agreement, which was incorporated into, but did not merge with, the judgment of divorce, the parties shared legal custody of their three children. Additionally, the agreement provided that any party who unsuccessfully challenged or sought to modify or enforce its terms would be required to reimburse and indemnify the other party for all legal fees and expenses incurred in the defense of such action. In June 2008 the plaintiff former wife, claiming that the parties were unable to effectively coparent, moved to modify the divorce judgment so as to award her sole legal custody of the children. The defendant former husband opposed the motion and cross-moved for an award of an attorney's fee and expenses incurred in defending against the motion. The Supreme Court declined to award sole custody of the children to the plaintiff, but it appointed a parenting coordinator to help the parties meet the cooperation obligation inherent in the award of joint custody. The court also directed the defendant to pay 100% of the parenting coordinator's fees, and it denied his cross motion for an award of an attorney's fee and expenses. The defendant appeals from the directive ordering him to pay 100% of the parenting coordinator's fees and the denial of his cross motion for an award of an attorney's fee. We modify.

Although finding that the plaintiff's allegations concerning the defendant's lack of cooperation were insufficient to warrant a hearing on her motion for a change in custody, the Supreme Court nevertheless properly recognized that the parties needed professional help in overcoming the difficulties that had led to this post judgment proceeding. However, in the absence of any clear indication that one party was more culpable than the other, the parties should share equally in paying the fees of the parenting coordinator.

Moreover, although the court did not award the plaintiff the specific relief she sought, it nonetheless granted her motion to the extent of appointing a parenting coordinator to assist the parties with their coparenting responsibilities. Consequently, the court did not improvidently exercise its discretion in denying the defendant's cross motion for an award of an attorney's fee and expenses.

The parties' remaining contentions are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.