ALLISON SILBOWITZ, Also Known as ALLISON ROCKMORE, Appellant, v MITCHELL SILBOWITZ, Respondent. [930 NYS2d 270]—

Although a court may properly appoint a parenting coordina-

tor to mediate between parties and oversee the implementation of their court-ordered parenting plan (*see generally Berg v Berg*, 85 AD3d 952 [2011]; *Raviv v Raviv*, 64 AD3d 638, 639 [2009]; *Ragone v Ragone*, 62 AD3d 772, 772-773 [2009]) a court may not delegate to a parenting coordinator the authority to resolve issues affecting the best interests of the children (*see Matter of Edwards v Rothschild*, 60 AD3d 675, 678 [2009]; *see also Matter of Henderson v Henderson*, 9 AD3d 569 [2004]; *Matter of Hirsch v Hirsch*, 4 AD3d 451, 452 [2004]; *Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d 39, 44 [2003]).

Here, despite the expansive scope of the issues entrusted to the parenting coordinator by the Supreme Court's order, his power is properly limited to implementing the terms of the existing child custody and visitation arrangement provided for in the parties' stipulation dated October 22, 2007, subject to the Supreme Court's oversight. Likewise, although the parenting coordinator is empowered to issue a written decision resolving a conflict where he is unable to broker an agreement between the parties, the Supreme Court's order also provides that the parties may seek to have the parenting coordinator's decision so-ordered by the Supreme Court and that they "retain their right to return to Court and seek a modification of their parenting plan at any time." Accordingly, the Supreme Court properly limited the role of the parenting coordinator and properly provided that his resolutions remain subject to court oversight (*see Matter of Edwards v Rothschild*, 60 AD3d at 678; *see also Matter of Henderson v Henderson*, 9 AD3d at 569; *Matter of Hirsch v Hirsch*, 4 AD3d at 452; *Merrill Lynch, Pierce, Fenner & Smith v Benjamin*, 1 AD3d at 44).

The plaintiff also contends that the order insufficiently protects the confidential and privileged information of the parties and the children because it requires the parties to execute authorizations and releases allowing the parenting coordinator to obtain information which is otherwise confidential or privileged. However, the order requires that the parenting coordinator maintain the confidentiality of the information and when read as a whole, clearly limits his authority to request authorizations or releases and use information only in furtherance of his duty to mediate between the parties in the implementation of their parenting plan. Accordingly, no further limitation is necessary.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.