■ In the Matter of SHIRLEY A. HOLLAND, Respondent, v JUDE J. HOLLAND, Appellant, et al., Respondent (And Another Related Proceeding.). [939 NYS2d 584]—

Lahtinen, J.P.

Respondent Jude Holland (hereinafter the father) and respondent Crystal McLear (hereinafter the mother) are the parents of a child (born in 2004). A stipulated order in December 2007 granted the parents joint legal custody, placed physical custody of the child with the father and provided visitation by both the mother and maternal grandmother (who previously had custody). The father was arrested in 2010 for endangering the welfare of a child as a result of allegedly causing extensive bruising to the child's buttocks when inflicting excessive corporal punishment and, thereafter, the child began living with petitioner, his aunt. In July 2010, the aunt commenced the current custody proceeding. The parties eventually stipulated to various issues, including placing custody of the child with the aunt. An order, based in part on the agreement of the parties, was entered September 3, 2010. The order also incorporated an order of protection issued by Family Court providing that the father was not permitted unsupervised contact with the child until the child reached the age of 18. The father appeals.

There is merit to the father's contention that Family Court improperly delegated its authority to a mental health counselor. "[A] court cannot delegate to a mental health professional its authority to determine issues involving the best interest of the child" (*Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 683 [1999], *lv dismissed* 93 NY2d 958 [1999]; *see Gadomski v Gadomski*, 256 AD2d 675, 677 [1998]). The order permitted supervised visitation "at such time

as the child's counselor recommends contact with [the father]." This provision of the order is an improper delegation (*see Matter of Steven M. [Stephvon O.]*, 88 AD3d 1099, 1101 [2011]). As for the assertion by the attorney for the child that the issue is "moot" because the order is based upon a stipulation, the record does not establish that the father agreed to the visitation condition as set forth in the order. The provision of the order delegating to a counselor the decision as to when supervised visitation can begin must be removed from the order, and the matter remitted to Family Court for a proper determination regarding the father's visitation (*see Matter of Gaitor v Morrissey*, 47 AD3d 975, 977 [2008], *appeal dismissed* 10 NY3d 890 [2008]; *Matter of Covington v Coleman*, 34 AD3d 1107, 1108 [2006]; *Matter of Battista v Battista*, 294 AD2d 941 [2002]).

The order of protection precluding unsupervised contact by the father until the child reaches the age of 18 must be vacated. The underlying order and the order of protection indicate that the terms are by agreement or consent. However, the record does not reveal any agreement or consent to the terms of the order of protection. In fact, although the father acknowledged that initially visitation would be supervised, his counsel stated that the father hoped to move toward unsupervised visitation. Moreover, the record does not reveal that a permanent order of protection was being considered, there was no testimony regarding such issue and Family Court did not make any factual findings pertinent thereto (*cf. Matter of Daniel v Pylinski*, 61 AD3d 1291, 1292 [2009]; *Matter of Thomas v Osborne*, 51 AD3d 1064, 1068-1069 [2008]).

The remaining arguments are either academic or unavailing.

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as delegated to the child's counselor the decision as to when supervised visitation would be permitted, and by vacating the order of protection dated September 3, 2010 that was incorporated by reference into the order; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.