Garry, J.
Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered June 28, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent’s child to be neglected.
Respondent is the father of Alisia M. (born in 1998). He had regular visitation with the child on Tuesday evenings and every other weekend until June 2011, when the child reported to one of petitioner’s caseworkers that, in April 2011, respondent had hit her in the face with the back of his hand with enough force to cause her lip to bleed and swell. The child also reported that respondent had hit her approximately four times per month, and that she had observed respondent smoking marihuana during periods of visitation. Petitioner thereafter commenced this proceeding alleging that respondent had neglected the child based upon this conduct.
Family Court determined, following a fact-finding hearing, that respondent had neglected the child based upon the incident of April 2011 and his abuse of marihuana while the child was in his care. Following the dispositional hearing, the court issued an order placing respondent under the supervision of petitioner for one year and requiring him to, among other things, participate in substance abuse counseling, anger management services and parenting classes. Additionally, the court issued an order of protection prohibiting contact between respondent and the child for one year except “visitation as therapeutically recommended or attendance at therapy with [the child] as recommended by a therapist after review by . . . Family Court.” Respondent appeals.
In a neglect proceeding, the petitioner bears the burden of establishing, by a preponderance of the credible evidence, that the child’s physical, mental or emotional well-being either has been impaired or is in imminent danger of becoming impaired, and that the harm to the child is a result of the failure of the respondent to exercise a minimum degree of care in providing the child with proper guardianship (see Matter of Benjamin W. [Larry VV.], 92 AD3d 1107, 1108 [2012]; Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d 679, 680 [2010]). Here, according deference to Family Court’s credibility determinations, the evidence established that respondent hit the child’s face, causing her lip to bleed and swell. It was further established that respondent regularly abused marihuana during the relevant time frame, was under the influence of marihuana during periods of visita *1188 tion with the child, and used marihuana in the child’s presence. We find that there was a sound and substantial basis for the finding of neglect (see Matter of Chassidy CC. [Andrew CC.], 84 AD3d 1448, 1449-1450 [2011]; Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d at 680-681; Matter of Paolo W., 56 AD3d 966, 967-968 [2008], lv dismissed 12 NY3d 747 [2009]).
However, we find merit to respondent’s argument that Family Court’s order prohibiting visitation except “as therapeutically recommended or attendance at therapy with [the child] as recommended by a therapist after review by . . . Family Court” constitutes an improper delegation of the court’s authority to make determinations on the issue of the best interests of the child (see Matter of Holland v Holland, 92 AD3d 1096, 1096 [2012]; Matter of Sullivan County Dept. of Social Servs. v Richard C., 260 AD2d 680, 683 [1999], lv dismissed 93 NY2d 958 [1999]). Although the record contains some indication that Family Court recognized and attempted to avoid this delegation, the order failed to require further review unless triggered by the therapist, and did not direct the child to attend therapy with respondent unless recommended by the therapist. As the order thus makes the recommendation of a therapist a prerequisite for any visitation, we find that there was an improper delegation of the court’s authority, and the matter is therefore remitted to Family Court for further proceedings regarding the issue of visitation (see Matter of Holland v Holland, 92 AD3d at 1096-1097; Matter of Steven M. [Stephvon O.], 88 AD3d 1099, 1101-1102 [2011]).
Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as delegated to the child’s therapist the decision as to when supervised visitation would be permitted and by vacating the order of protection dated April 13, 2012; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.