■ ALLISON SHANNON, Respondent, v PAUL SHANNON, Appellant. [11 NYS3d 689]—Appeals from (1) an order of the Supreme Court, Queens County (Lenora Gerald, J.), dated September 23, 2014, and (2) an amended order of that court dated October 6, 2014. The order and the amended order, inter alia, denied, without a hearing, those branches of the defendant's cross motion which were to modify a stipulation of settlement dated August 22, 2011, which was incorporated but not merged in a judgment of divorce dated September 20, 2011, so as to award him sole legal custody of the parties' children.

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied, without a hearing, those branches of the defendant's cross motion which were for sole legal custody of the parties' children. A party seeking modification of an existing custody order must show that there has been a change in circumstances such that modification is required to ensure the continued best interests of the children (*see Matter of Worner v Gavin*, 128 AD3d 981 [2015]; *Matter of Thomas v Wong*, 127 AD3d 769 [2015]). A person seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148 [2010]).

Here, the defendant failed to make a showing sufficient to warrant either a hearing or a modification of the custody agreement (*see Raviv v Raviv*, 64 AD3d 638 [2009]; *Marcantonio v Marcantonio*, 307 AD2d 740 [2003]). Although the parties have encountered problems in reaching certain joint custody decisions, they have managed to deal with those problems without impacting the children's well-being. Furthermore, contrary to the defendant's contention, under the circumstances of this case, a parent coordinator was properly assigned to the parties (*see Silbowitz v Silbowitz*, 88 AD3d 687 [2011]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.