■ In the Matter of KRYSTLE NOEL, Now Known as KRYSTLE NOEL-BAKER, Respondent, v COREY LEPAGE, Respondent Appellant. (And Another Related Proceeding.) [20 NYS3d 227]—

Lynch, J. Appeal from an order of the Family Court of Franklin County (Silver, J.H.O.), entered September 24, 2013, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2009). In March 2010, the parties, who separated when the child was approximately five months old, agreed to a custody order that provided that they were to share physical custody of the child "as they mutually agree." In February 2013, the mother commenced a Family Ct Act article 6 proceeding to modify the March 2010 order, seeking primary physical custody and permission to relocate with the child a distance of approximately 50 miles from the Town of Malone, Franklin County to the City of Plattsburgh, Clinton County to reside with her husband. The father cross-petitioned seeking sole custody of the child. Following a trial held over several days beginning in June 2013, Family Court, among other things, granted the mother's petition, awarding her primary physical custody and granting her permission to relocate with the child. The father appeals and we affirm.

Initially, we reject the father's argument that Family Court's order should be reversed because the parties did not give prior consent to having a Judicial Hearing Officer (hereinafter JHO) hear and determine this matter. The parties were permitted to stipulate that any issue be heard and decided by a JHO (*see* CPLR 4317 [a]), and the parties' consent to refer a matter to a JHO is a jurisdictional prerequisite (*see Matter of Heather J.*, 244 AD2d 762, 763 [1997]). Here, the parties entered into a written stipulation on the third day of the hearing wherein they expressly consented to the reference of "this action and is-

sues therein" to the JHO for determination. Although the proper procedure would have been to enter the written stipulation on the first day of the hearing, because both parties participated in the hearing without objection and because there is nothing in the record to indicate that the JHO was not lawfully assigned, the proceeding is not jurisdictionally defective (*see Matter of Cid v DiSanto*, 122 AD3d 1094, 1095 [2014]).

Turning to the merits, it is not disputed that because she was the party seeking to relocate, the mother bore the burden to demonstrate that it was in the child's best interests to relocate to Plattsburgh (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Rebecca HH. v Gerald HH.*, 130 AD3d 1158, 1159 [2015]; *Matter of Cook-Lynch v Valk*, 126 AD3d 1062, 1063 [2015]). In order to determine whether a proposed relocation is in a child's best interests, Family Court must consider such factors as "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the . . . parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Matter of Rebecca HH. v Gerald HH.*, 130 AD3d at 1159).

Here, contrary to the father's argument, the record demonstrates that Family Court duly considered the relevant factors in determining that the relocation was in the child's best interests. The mother, who throughout the child's life had worked full time in Plattsburgh, testified that she sought relocation because she had married in May 2013 and moved into a home with her husband in Plattsburgh, she planned to enroll the child in a pre-k program, and she had changed her work schedule to accommodate the child's school schedule. The father, who worked full time as a correction officer and engaged in certain farming activities, testified that he opposed the relocation because it would reduce the amount of time that he and his parents would spend with the child. Although the father did attend most of the child's medical appointments, it was not disputed that, throughout the child's life, the mother initiated the child's regular medical and dental care, had arranged for daycare and preschool, purchased the child's clothes and provided all the transportation to allow the father to enjoy parenting time with the child.

After hearing such evidence, Family Court noted that, given the relatively short distance between the parties' homes, the father's frequent parenting time with the child would not be significantly impacted. Further, after noting the significance of the child's education, the court determined that the mother's flexible work schedule was more conducive to supporting the child once school started. In our view, it is apparent that both parties are good and loving parents who, as the court noted, have been cooperating successfully to raise their child. Under all the circumstances, and recognizing Family Court was in the best position to make factual findings and assess the witnesses' credibility (*see Matter of Rebecca HH. v Gerald HH.*, 130 AD3d at 1159), we find that Family Court's determination that relocation was in the child's best interests had a sound and substantial support in the record.

Finally, we discern no error in Family Court's order requiring the parties to first seek the assistance of the Diversion Program of the Franklin County Probation Department prior to petitioning the court for further relief. In their initial agreement, incorporated into the March 2010 custody order, the parties stipulated to the Diversion Program provision. While a court clerk or probation officer may not prevent a person from filing a petition (*see* Family Ct Act § 216-c [b]), we do not agree that by continuing to require the parties to seek assistance from the Diversion Program, Family Court precluded them from seeking judicial relief (*see Matter of Laeyt v Laeyt*, 268 AD2d 815, 816 [2000]). Moreover, given the parties' past agreement to seek such assistance and their demonstrated ability to cooperate for the benefit of the child, we perceive no abuse of discretion by Family Court in making such order.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the order is affirmed, without costs.