■ In the Matter of WAYNE HEADLEY, Respondent, v AMALIA HEADLEY, Appellant. [31 NYS3d 186]—

Appeal from an order of the Supreme Court, Queens County (IDV Part) (Lenora Gerald, J.), dated February 2, 2015. The order, insofar as appealed from, denied the mother's motion, in effect, to vacate so much of two orders of that court dated October 6, 2014, and October 28, 2014, respectively, as directed that she share equally in the fees and costs of a parenting coordinator.

Ordered that the order dated February 2, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on July 26, 2005, and had one child the following year. The parties were divorced by a judgment of divorce dated July 28, 2008. The judgment of divorce incorporated but did not merge a stipulation dated March 25, 2008. Pursuant to the stipulation, the parties agreed to joint legal custody of the child. The mother had residential custody and the father had substantial visitation, including alternate weekends and midweek visits.

In August 2011, the father filed a petition alleging that the mother violated the stipulation by denying him visits and phone calls with the child. In August 2013, the father moved to modify the judgment of divorce to award him physical custody of the child. A lengthy hearing was held over the course of 10 hearing dates. The Supreme Court heard testimony from, among others, the parties, the mother's new husband, a forensic evaluator, and a court-appointed visitation supervisor.

In an order dated October 6, 2014, the Supreme Court, inter alia, denied the father's motion to modify the judgment of divorce so as to award him physical custody. However, the court concluded that the appointment of a parenting coordinator would be in the child's best interests because, among other reasons, the mother's attitude and behavior created a "very negative climate," which hindered visitation. The court directed that the parties share equally the costs of the parenting coordinator to ensure that they both took "responsibility for their conduct" and were "equally vested in the outcome." In an order dated October 28, 2014, the court appointed a licensed clinical social worker as the parties' parenting coordinator, to help them implement the custody and visitation provisions of the judgment of divorce and to reduce conflict and detrimental impact upon the child.

Approximately two weeks after the Supreme Court appointed the parenting coordinator, the mother moved, in effect, to vacate so much of the orders dated October 6, 2014, and October 28, 2014, as directed her to share equally in the costs of the parenting coordinator, based upon her financial circumstances. The mother did not take issue with the court's reasons for appointing a parenting coordinator. She merely argued that the cost of the coordinator was prohibitively expensive. The father opposed the motion. The court denied the mother's motion. The mother appeals. We affirm.

In custody and visitation matters, a court may appoint a parenting coordinator to mediate between the parties and oversee the implementation of their court-ordered parenting plan (see *Silbowitz v Silbowitz*, 88 AD3d 687 [2011]; *see Shan-*

*non v Shannon*, 130 AD3d 604 [2015]; *Raviv v Raviv*, 64 AD3d 638, 640 [2009]). "[I]n the absence of any clear indication that one party was more culpable than the other, the parties should share equally in paying the fees of the parenting coordinator" (*Raviv v Raviv*, 64 AD3d at 640). Since the record contains no indication that the mother was the less culpable party, the Supreme Court correctly determined that the parties should share equally the costs of the parenting coordinator. Additionally, we agree that equally sharing these costs will help ensure that the parties take responsibility for their conduct and are equally vested in the outcome. Further, contrary to the mother's contention, nothing in the record demonstrates that the court failed to consider the parties' financial situations in reaching this determination (*cf. Ragone v Ragone*, 62 AD3d 772, 772-773 [2009]), or that this outcome was inequitable (*cf. Klutchko v Baron*, 1 AD3d 400 [2003]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.