R.K. v R.G. (2019 NY Slip Op 01207)





R.K. v R.G.


2019 NY Slip Op 01207


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-10388
 (Index No. 11797/07)

[*1]R.K., appellant-respondent, 
v
R.G., respondent- appellant.


Stephen Kolnik, Yonkers, NY, for appellant-respondent.
Cohen Rabin Stine Schumann LLP, New York, NY (Tim James of counsel), for respondent-appellant.
Lawrence S. Horowitz, White Plains, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action in which the parties' marriage was annulled by a judgment dated November 8, 2012, the mother appeals, and the father cross-appeals, from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated June 28, 2017, as amended by an order of the same court dated February 23, 2018. The order dated June 28, 2017, as amended, insofar as appealed from, after a hearing, directed that the mother's four weeks of summer parental access with the parties' child be nonconsecutive, directed that the father shall have parental access with the parties' child on the first three weekends of every month, directed that the mother shall pay 58% of the cost of a parenting coordinator, and authorized the parenting coordinator to resolve issues between the parties. The order dated June 28, 2017, as amended, insofar as cross-appealed from, in effect, denied that branch of the father's motion which was to modify the custody provisions of the judgment of annulment so as to award him sole physical and legal custody of the parties' child, and awarded him only certain parental access.
ORDERED that the order dated June 28, 2017, as amended by the order dated February 23, 2018, is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof directing that the mother's four weeks of summer parental access with the parties' child be nonconsecutive, (2) deleting the provision thereof directing that the father shall have parental access with the parties' child on the first three weekends of every month and substituting therefor a provision directing that the father shall have parental access with the parties'child on alternate weekends and one overnight visit per week during the year; (3) deleting the provision thereof directing that the mother shall pay 58% of the cost of a parenting coordinator and substituting therefor a provision directing that the parties shall share equally in paying the cost of a parenting coordinator; and (4) by deleting the provision thereof authorizing the parenting coordinator to resolve issues between the parties; as so modified, the order dated June 28, 2017, as amended by the order dated February 23, 2018, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings to set forth a new parental access schedule consistent herewith.
The parties were married in 2006 and are the parents of one child (hereinafter the child), born in 2007. In 2007, the mother commenced an action for a divorce and ancillary relief against the father in which the father counterclaimed for an annulment. Pursuant to a judgment of [*2]annulment dated November 8, 2012, the parties' marriage was annulled, the mother was awarded sole legal and physical custody of the child, and the father was given parental access. Subsequently, the father moved, inter alia, to modify the custody provisions of the judgment of annulment so as to award him sole physical and legal custody of the child.
Following a hearing, the Supreme Court determined that, while the parties did not dispute that there had been a change in circumstances, the best interests of the child would not be served by either parent having sole legal custody of the child, and that the hostility between the parties precluded an award of joint legal custody. Nonetheless, the court awarded the parents "equal legal rights and responsibilities to the [c]hild." Among other things, the court directed that the mother's four weeks of summer parental access with the parties' child be nonconsecutive, directed that the father shall have parental access with the child on the first three weekends of every month beginning with timely pick up of the child on Thursday at the child's school or camp, or other mutually agreed upon location, with the child to be timely returned on Monday morning to the child's school or camp, or other mutually agreed location. Additionally, the court directed the parents to retain a parenting coordinator, and directed the mother to pay 58% of the cost of the coordinator. The court also determined that if the parents could not reach a mutual agreement after consulting with the parenting coordinator, "the Parent with whom the parenting coordinator agrees shall make the final decision."
To modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances such that modification is required to protect the best interests of the child (see Gentile v Gentile, 149 AD3d 916, 918; Nusbaum v Nusbaum, 106 AD3d 791, 793; Matter of Fallarino v Ayala, 41 AD3d 714). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard (see Matter of McKenzie v Williams, 165 AD3d 673, 674; Matter of Gooler v Gooler, 107 AD3d 712; Matter of Harry v Harry, 92 AD3d 883, 884). The court's findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of McKenzie v Williams, 165 AD3d at 674; Gasby v Chung, 88 AD3d 709). Under the circumstances presented, the Supreme Court's determination, in effect, denying that branch of the father's motion which was to modify the custody provisions of the parties' judgment of annulment so as to award him sole physical and legal custody of the child has a sound and substantial basis in the record, and therefore, it will not be disturbed (see Matter of Vargas v Gutierrez, 155 AD3d 751, 752-753; see also Matter of Sullivan v Sullivan, 40 AD3d 865, 866).
However, we disagree with the Supreme Court's determination to direct that the father shall have parental access with the child on the first three weekends of every month. "The extent to which the noncustodial parent may exercise parental access is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child" (Chamberlain v Chamberlain, 24 AD3d 589, 592; see Bluemer v Bluemer, 47 AD3d 652, 653). However, a parenting schedule that deprives the custodial parent of any significant quality time with the child is excessive (see Matter of Sarfati v DeJesus, 158 AD3d 807, 808-809; Matter of Rivera v Fowler, 112 AD3d 835, 836; Chamberlain v Chamberlain, 24 AD3d at 593). Here, the parenting schedule awarding the father parental access with the school-aged child, who was born in 2007, three weekends per month was excessive, as, given the respective work and school schedules of the mother and child, it effectively deprived the mother of any significant quality time with the child (see Matter of Sarfati v DeJesus, 158 AD3d at 809; Matter of Patrick v Farris, 39 AD3d 864, 865; Chamberlain v Chamberlain, 24 AD3d at 592-593). Under the circumstances of this case, we find that it would be more appropriate for the father to have parental access with the child every other weekend, and one overnight per week (see Matter of Sarfati v DeJesus, 158 AD3d at 809; Matter of Rivera v Fowler, 112 AD3d at 837).
Furthermore, we agree with the mother that the Supreme Court should have set forth a more precise holiday parental access schedule (see Matter of Alvarado v Cordova, 158 AD3d 794, 795; Matter of Rodriguez v Silva, 121 AD3d 794, 796). Additionally, while the court awarded the mother four weeks of nonconsecutive summer parental access, it did not direct the father's four weeks of summer parental access to be nonconsecutive. It is unclear from the order whether the court intended the parties to have four consecutive weeks of summer parental access. Accordingly, we remit the matter to the Supreme Court, Westchester County, to set forth a new parental access schedule consistent herewith.
"In custody and visitation matters, a court may appoint a parenting coordinator to mediate between the parties and oversee the implementation of their court-ordered parenting plan" (Matter of Headley v Headley, 139 AD3d 855, 856; see Shannon v Shannon, 130 AD3d 604; Silbowitz v Silbowitz, 88 AD3d 687, 687-688). "[I]n the absence of any clear indication that one party was more culpable than the other, the parties should share equally in paying the fees of the parenting coordinator" (Raviv v Raviv, 64 AD3d 638, 640; see Matter of Headley v Headley, 139 AD3d at 857). In this case, since the record contains no indication that either party was less culpable, the parties should share equally the costs of the parenting coordinator (see Matter of Headley v Headley, 139 AD3d at 857). Additionally, "equally sharing these costs will help ensure that the parties take responsibility for their conduct and are equally vested in the outcome" (id.).
Finally, we modify the order by deleting the provision thereof authorizing the parenting coordinator to resolve issues between the parties, inasmuch as this constitutes an improper delegation of the Supreme Court's authority to resolve issues affecting the best interests of the child (see Matter of Edwards v Rothschild, 60 AD3d 675, 678; see also Silbowitz v Silbowitz, 88 AD3d at 688).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court