*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                517268
_____

In the Matter of TABBATHA
    K. COWPER,
                    Appellant,

        v                                      MEMORANDUM AND ORDER

JOHN J. VASQUEZ,
                    Respondent.

(And Two Other Related Proceedings.)
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                    _____

        Pamela B. Bleiwas, Ithaca, for appellant.

        Margaret McCarthy, Ithaca, for respondent.

        Andrea J. Mooney, Ithaca, attorney for the children.

                    _____

Peters, P.J.

        Appeal from an order of the Family Court of Chemung County
(Forrest, J.), entered July 15, 2013, which, among other things,
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for permission to relocate with the
parties' children.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
2006 and 2008).  Both parties are originally from Michigan, where
they resided together from 2004 through 2009.  Following their
separation in 2009, the mother and the children moved to Chemung

County, near the residence of the maternal grandmother. The father relocated to Chemung County in 2011 and, by informal agreement, the mother retained physical custody of the children while the father enjoyed regular visitation. In July 2012, the mother commenced this proceeding seeking custody of the children. The next day, the father petitioned for joint custody and visitation. A temporary order issued upon agreement of the parties provided for joint legal custody. In February 2013, prior to a fact-finding hearing on the parties' custody petitions, the mother sought an order permitting her to relocate with the children to Ohio. Following the hearing, Family Court granted the parties joint legal custody, with primary physical custody to the mother and visitation to the father, and dismissed the mother's relocation petition, finding that her move would not be in the children's best interests. The mother appeals, challenging only Family Court's dismissal of her petition requesting relocation.

"[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child[ren]" (Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; accord Matter of Vargas v Dixon, 78 AD3d 1431, 1432 [2010]). Consideration may be given to "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d at 740-741; accord Matter of Norback v Norback, 114 AD3d 1036, 1036-1037 [2014]; Matter of Adams v Bracci, 91 AD3d 1046, 1047 [2012], lv denied 18 NY3d 809 [2012]). As Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Weber v Weber, 100 AD3d 1244, 1245-1246 [2012]; Matter of Sullivan v Sullivan, 90 AD3d 1172, 1173

[2011]).  Notably, as the order being appealed is an initial custody determination, we need not adhere to a strict application of the Tropea factors (see Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011]).

As to the quality of the children's relationships with their parents, the evidence at the hearing established that both the mother and the father are loving and committed parents.[1]  It is undisputed that the mother had always been the children's primary caretaker, while the father provided economic support and, in recent years, regularly visited with the children.  The mother's motivation for relocating to Ohio was her fiancé, who had moved out of Chemung County in 2011, first to Oklahoma and then to Ohio.  While this is a valid consideration (see Matter of Tropea v Tropea, 87 NY2d at 739; Matter of Stetson v Feringa, 114 AD3d 1089, 1090 [2014]), the record does not otherwise indicate that the children's economic, emotional or educational well-being would be substantially enhanced by their move.  Nor did the mother propound the testimony of her fiancé to enable Family Court to assess whether residing with him would be in the children's best interests.  The mother testified that she had secured employment in Ohio after having been unemployed in Chemung County for a year.  However, she attributed some of her difficulty in finding employment in New York to her reluctance to place the children in day care, although admitting that she would do so in order to work in Ohio.  Moreover, while the mother testified that she had researched the Ohio school system online, she offered no evidence that the proposed new school would provide the children with better educational opportunities than they were receiving in Chemung County (see Matter of Batchelder v BonHotel, 106 AD3d 1395, 1397 [2013]).  The mother also testified that she had selected a three-bedroom townhouse in Ohio that was close to the children's potential school, but there was no evidence that the children's current living situation was

---

[1]  The parties did not request, and Family Court did not conduct, a Lincoln hearing; however, the attorney for the children indicated that the children desired to remain in the mother's physical custody and enjoyed their visitation time with the father.

unsatisfactory.

Significantly, Family Court determined that relocation would negatively impact the children's relationship with the father.  This is fully supported by the record.  The mother conceded that the driving time between Chemung County and the proposed location in Ohio would be between 6½ and 7 hours and, thus, would necessitate either a modification of the current visitation schedule or a parallel move to Ohio by the father in order to preserve his relationship with the children.  The father, noting that his sole purpose in coming to New York was to be with the children, testified that he desired greater visitation than the twice-weekly visits he currently enjoyed and, in particular, sought more weekday time, as his employment in the restaurant industry was only economically worthwhile so long as he worked on weekends.  In addition, he expressed concern as to the effect of the distance on the children's ability to maintain a relationship with him while being engaged in school and social activities.  While mindful that the mother has been the primary caregiver, we reject her assertion that Family Court's determination was not supported by a sound and substantial basis in the record (see Matter of Bracy v Bracy, 116 AD3d 1172, 1174 [2014]; Matter of Williams v Williams, 90 AD3d 1343, 1345 [2011]; Matter of Kirshy-Stallworth v Chapman, 90 AD3d 1189, 1192 [2011]; Matter of Munson v Fanning, 84 AD3d 1483, 1485 [2011]).

Stein, Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court