*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    517636
_____

In the Matter of JULIE
    COOK-LYNCH,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

KALEB VALK,
                    Respondent.
_____

Calendar Date:  January 6, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel),
for appellant.

        Law Office of Walter L. Terry, Oneonta (Patricia L. Canner
of counsel), for respondent.

                    _____

Clark, J.

        Appeals (1) from an order of the Family Court of Otsego
County (Lambert, J.), entered January 31, 2013, which, in a
proceeding pursuant to Family Ct Act article 6, denied
petitioner's motion to reopen the proof, and (2) from an order of
said court, entered January 31, 2013, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of a daughter
(born in 2000).  Pursuant to a 2005 stipulated order, the parties
have joint legal custody of the child, who primarily resides with
the mother in the City of Oneonta, Otsego County.  The father is

entitled to parenting time during the week and on alternate weekends, as well as agreed-upon holidays and vacation periods, and the parties have since demonstrated flexibility in ensuring that the father receives significant parenting time.  In March 2012, the mother filed a relocation petition seeking permission to move from Otsego County to Onondaga County — around the City of Syracuse — and a concomitant modification of the father's visitation.  The father opposed the petition, and a hearing was conducted.  After the hearing ended, Family Court issued an order rejecting the mother's request to submit further proof regarding the child's medical condition.  Family Court then issued an order dismissing the mother's petition.  The mother appeals from both orders.[1]

We affirm.  Addressing the mother's request to submit additional medical evidence after the close of proof, Family Court was vested with discretion to determine whether the introduction of that evidence was appropriate (see CPLR 4011; Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d 887, 888 [2012]).  In making that determination, Family Court was obliged to "consider whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (Kay Found. v S & F Towing Serv. of Staten Is., Inc., 31 AD3d 499, 501 [2006]; accord Matter of Jewelisbeth JJ. [Emmanuel KK.], 97 AD3d at 888-889).  The child here has longstanding health concerns and, after the hearing concluded, the mother submitted a letter claiming that there were "new developments regarding [the child's] medical condition" that should be addressed.  The mother failed, however, to explain what the new developments were or how they were relevant to the question of relocation.  She also ignored the father's offer to stipulate to the admission of evidence coming directly from the child's

_____

[1]  As no appeal lies as of right from the nonfinal order denying the mother's motion to submit further proof (see Family Ct Act § 1112 [a]), the appeal from that order must be dismissed. The mother's appeal from the final order of disposition, however, brings this order up for review (see Matter of Curley v Clausen, 110 AD3d 1156, 1156 n 1 [2013]).

medical providers, as opposed to the mother's account of what she had purportedly learned from those providers. Under these circumstances, Family Court providently declined to reopen the hearing (see Fischer v RWSP Realty, LLC, 63 AD3d 878, 878-879 [2009]).

Turning to the merits, as the party seeking permission to relocate, the mother was obliged to demonstrate by a preponderance of the evidence that such would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Matter of Jones v Soriano, 117 AD3d 1350, 1351 [2014], lv denied 24 NY3d 901 [2014]; Matter of Batchelder v BonHotel, 106 AD3d 1395, 1396 [2013]).[2] "Resolution of that issue, in turn, requires a court to consider numerous factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential enhancement to the custodial parent and child due to the move, and each parent's motives for seeking or opposing the move" (Matter of Batchelder v BonHotel, 106 AD3d at 1396 [internal quotation marks and citations omitted]; see Matter of Cowper v Vasquez, 121 AD3d 1341, 1342 [2014], lv denied 24 NY3d 913 [2015]). Because "Family Court is in the best position to make factual findings and credibility determinations, its decision will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Cowper v Vasquez, 121 AD3d at 1342).

The record establishes that the child is well established in the Oneonta area and enjoys a good relationship with her parents, both of whom are gainfully employed. The mother nevertheless argues that relocation to the Syracuse area, where she and her two other children could live with her husband, would

_____

[2] While the parties dispute whether a change in circumstances has occurred, "[i]n contrast to an ordinary modification proceeding[] where the petitioning party must demonstrate a change in circumstances and that a modification is in the child's best interests, a relocation is accepted as a change in circumstances" (Matter of Adams v Bracci, 91 AD3d 1046, 1046 [2012], lv denied 18 NY3d 809 [2012]; see Matter of Lauzonis v Lauzonis, 120 AD3d 922, 923 [2014]).

benefit the child financially, medically and academically.[3] Those claims, however, are overblown. The consolidation of the two households would result in some financial benefit, but the mother admitted that the child has not had to sacrifice any opportunities due to a lack of money. The mother's assertion that the child would attend a better school is also questionable because, among other things, it is unclear where she would ultimately reside in the Syracuse area (see Matter of Bracy v Bracy, 116 AD3d 1172, 1174 [2014]). As for the child's medical care, she would abandon her longtime care providers should she relocate, and Family Court appropriately found the mother's concerns in that regard to be speculative. In contrast to the dubious benefits to the child of moving to an area that she has infrequently visited, there is little question that relocation would deprive the father of valuable parenting time with the child and impair his ability to participate in her extracurricular activities, education and medical care. Considering the totality of these circumstances, we conclude that a sound and substantial basis existed for Family Court to dismiss the mother's application (see Matter of Cowper v Vasquez, 121 AD3d at 1342-1343; Matter of Bracy v Bracy, 116 AD3d at 1174; Matter of Rose v Buck, 103 AD3d 957, 958-962 [2013]).

We have examined the mother's remaining contentions and, to the extent they are properly preserved for review, found them to be lacking in merit.

Garry, J.P., Egan Jr. and Lynch, JJ., concur.

---

[3]   The mother and her husband have maintained separate residences since they were married in 2006, apparently because her husband is unwilling to forego his job in the Syracuse area or commute to it from Otsego County.

ORDERED that the appeal from the order entered January 31, 2013 denying petitioner's motion to reopen the proof is dismissed, without costs.

ORDERED that the order entered January 31, 2013 dismissing the petition is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court