# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

131

CA 15-00703

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

JOHN S. GIZZI, PLAINTIFF-APPELLANT,

                    V                           MEMORANDUM AND ORDER

TINA M. GIZZI, DEFENDANT-RESPONDENT.

---

JOAN de R. O'BYRNE, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GARY MULDOON, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered July 24, 2014. The order, among other things, denied plaintiff's post-divorce application to modify the parties' agreement concerning custody and visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff father appeals from an order that denied his post-divorce application seeking, inter alia, modification of the parties' agreement concerning custody of their three children. Contrary to the father's contention, there is a sound and substantial basis in the record for Supreme Court's determination that he failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the children's best interests warranted modification of the existing custody arrangement (*see Matter of Avola v Horning*, 101 AD3d 1740, 1740-1741). In any event, the record also supports the court's further determination that continuation of the existing custody arrangement would serve the best interests of the children (*see Matter of Slade v Hosack*, 77 AD3d 1409, 1409). Each of the children expressed a preference to maintain the existing arrangement and, "[w]hile the express wishes of the children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (*Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117; *see Matter of Dingeldey v Dingeldey*, 93 AD3d 1325, 1326). In addition, the record supports the court's determination that defendant mother had taken steps to address the children's school attendance problems and, "contrary to the father's allegations, there is no evidence that the mother's . . . financial difficulties ha[ve] placed the children in jeopardy" (*Matter of Bush v Bush*, 74 AD3d 1448, 1450, *lv denied* 15 NY3d 711). Finally, the record does not support the father's contention that the court was biased in favor of the mother (*see id.*

at 1449).

Entered:  February 11, 2016

Frances E. Cafarell
Clerk of the Court