*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                521456
_____

In the Matter of KHONSAVANH
    SOUTHAMMAVONG,
                    Appellant,

        v                                MEMORANDUM AND ORDER

LAMPHEU SISEN,
                    Respondent.
_____

Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

_____

        Alena E. Van Tull, Binghamton, for appellant.

        Lampheu Sisen, Johnson City, respondent pro se.

        Mary Jane Murphy, Binghamton, attorney for the children.

_____

Devine, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered July 16, 2015, which dismissed petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of three children (born
in 2004, 2007 and 2009).  The parties were subject to a custody
order providing for joint legal custody and granting the mother
primary physical placement of the children, with the father
entitled to parenting time every Wednesday evening and alternate
weekends.  The mother commenced the present proceeding to modify
the existing custody arrangement by terminating the Wednesday

evening visits and granting her permission to move approximately 60 miles from the Village of Johnson City, Broome County to Scranton, Pennsylvania.  Family Court denied the petition after a hearing, and the mother appeals.

As the party seeking permission to relocate, it was incumbent upon the mother to demonstrate by a preponderance of the evidence that relocation would serve the children's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]; Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1063 [2015]). A best interests inquiry in this context requires consideration of factors such as "the child[ren]'s relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential enhancement to the custodial parent and child[ren] due to the move, and each parent's motives for seeking or opposing the move" (Matter of Sara ZZ. v Matthew A., 77 AD3d 1059, 1060 [2010]; see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Noel v LePage, 133 AD3d 1129, 1130 [2015], lv denied 27 NY3d 902 [2016]).  Inasmuch as Family Court is in a superior position to assess witness credibility and make findings of fact, we will not disturb its decision so long as such is supported by a sound and substantial basis in the record (see Matter of Barner v Hampton, 132 AD3d 1098, 1099 [2015]; Matter of Cowper v Vasquez, 121 AD3d 1341, 1342 [2014], lv denied 24 NY3d 913 [2015]).

The children have a good relationship with both parents, and the father regularly exercises visitation with them.  The mother wishes to relocate to Scranton in order to live with her fiancé and take a job with better hours and health benefits than her present employment.  She testified that she has no relatives in Scranton, but that the father does and that the children would be able to visit them and the father himself when he works at the family store in Scranton on Thursday evenings.  That being said, the mother works for a Binghamton-area employer that was "helping [her] a lot" by allowing her to work around the schedule of her daycare provider, and she failed to explain why she believed those accommodations might end.  The mother's fiancé lives in a one-bedroom apartment and, while he and the mother intend to secure a larger residence if she and the children move, a new residence has not been selected.  The mother indicated that she

would only be willing to transport the children for their weekend visitation with the father, and it is unclear what transportation resources the father has. Moreover, to the extent the lack of clarity regarding where the children would live in Scranton permits a comparison (see Matter of Cook-Lynch v Valk, 126 AD3d at 1064), the mother acknowledged that the children were doing "great" at their schools in Johnson City and gave no reason to believe that the schools or extracurricular opportunities in Scranton would be superior (see Matter of Cowper v Vasquez, 121 AD3d at 1343; Matter of Stetson v Feringa, 114 AD3d 1089, 1090-1091 [2014]).

The father opposed the move, as he wanted to maintain his Wednesday evening visitation with the children and did not want them removed from their schools and the community that they have lived in for their entire lives. He further pointed out that he could not visit with the children on Thursday evenings while he was working at the family store, and it appears that the proposed relocation will make visitation more difficult and decrease his contact with the children. In short, while the mother would personally benefit from a move to Scranton, she provided little proof to show that the children would benefit as well. Thus, a sound and substantial basis in the record supports Family Court's determination that the mother did not meet her burden of showing that the proposed relocation was in the children's best interests (see Matter of Cook-Lynch v Valk, 126 AD3d at 1064; Matter of Gates v Petosa, 125 AD3d 1161, 1162-1163 [2015]; Matter of Pizzo v Pizzo, 94 AD3d 1351, 1352-1353 [2012]).

McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court