Laveck v Laveck (2018 NY Slip Op 02948)





Laveck v Laveck


2018 NY Slip Op 02948


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


306 CA 17-01740

[*1]SARAH E. LAVECK, PLAINTIFF-APPELLANT,
v
CHAD G. LAVECK, DEFENDANT-RESPONDENT. 






KELLY WHITE DONOFRIO LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
UNDERBERG & KESSLER LLP, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 
EDWARD W. RILEY, BROCKPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered April 24, 2017. The order, inter alia, denied the motion of plaintiff to modify the existing custody arrangement. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this postjudgment matrimonial proceeding, plaintiff mother moved for an order directing, inter alia, that the parties' parenting schedule, as established by their property settlement and separation agreement (Agreement), which was incorporated but not merged into the judgment of divorce, be modified by awarding the mother primary physical residence of the children. Contrary to the mother's contention, although the Agreement provided for an annual review of the parties' parenting schedule, it did not provide for an annual review of the children's primary physical residence. We thus conclude that Supreme Court properly denied that part of the mother's motion seeking to modify the children's primary physical residence upon determining that the mother had failed to establish the requisite significant change in circumstances.
"It is well established that a separation agreement that is incorporated but not merged into a judgment of divorce is a contract subject to the principles of contract construction and
interpretation' " (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015], quoting Matter of Meccico v Meccico, 76 NY2d 822, 823—824 [1990], rearg denied 76 NY2d 889 [1990]). " [A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms,' . . . [and] courts may consider extrinsic or parol evidence of the parties' intent only if the contract is ambiguous" (Colella v Colella, 129 AD3d 1650, 1651 [4th Dept 2015], quoting Greenfield v Philles Records, Inc., 98 NY2d 562, 569 [2002]; see Sears v Sears, 138 AD3d 1401, 1401 [4th Dept 2016]). "Whether an agreement is ambiguous is a question of law for the court to resolve . . . In making that determination, the proper inquiry is whether the agreement on its face is reasonably susceptible of more than one interpretation' " (Roche v Lorenzo-Roche, 149 AD3d 1513, 1514 [4th Dept 2017], quoting Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; see Colella, 129 AD3d at 1651).
We conclude that the Agreement is unambiguous and does not provide for an annual review of the children's primary physical residence. In pertinent part, the Agreement provides that "[p]rimary physical residence of the children shall be with the Father and the parties shall divide the time with the children as set forth on Schedule A. Commencing August 2016 and [*2]each August thereafter, the parties shall meet and determine the residency schedule for the next 12 months, based upon the circumstances of the children and parents at the time" (emphasis added). That provision clearly and unambiguously awards defendant father primary physical residence and thereafter discusses how the parties will divide their time with the children. The division of time is to be set by a residency "schedule," and that "schedule" is subject to annual modification based on the children's and parents' circumstances at that time. That provision does not provide for or permit annual modification of the children's primary physical residence. As a result, any change to the children's primary physical residence is based on standard rules of modification of custody and requires the mother, who is seeking to change an existing custody arrangement based upon stipulation, first to establish a significant change in circumstances "since the time of the stipulation" (Matter of Hight v Hight, 19 AD3d 1159, 1160 [4th Dept 2005] [internal quotation marks omitted]; see Matter of Aronica v Aronica, 151 AD3d 1605, 1605 [4th Dept 2017]). Here, the mother failed to demonstrate the requisite change in circumstances warranting an inquiry into whether the best interests of the children would be served by a modification of the existing custody arrangement (see Gizzi v Gizzi, 136 AD3d 1405, 1406 [4th Dept 2016]).
The mother additionally contends that the court erred in failing to hold a hearing before ordering a particular residency schedule for the period "through August 2017." Inasmuch as those provisions of the court's order have expired by their terms and have been superseded by the residency schedule established for the period from August 2017 through August 2018, the mother's contention is moot, and the mother raises no issue that falls within the exception to the mootness doctrine (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court