Matter of Kenda UU. v Nicholas VV. (2019 NY Slip Op 04517)





Matter of Kenda UU. v Nicholas VV.


2019 NY Slip Op 04517


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526377

[*1]In the Matter of KENDA UU., Appellant,
v
NICHOLAS VV., Respondent. (And Another Related Proceeding.)

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Pamela Bleiwas, Ithaca, for appellant.
Andrea Mooney, Ithaca, for respondent.
Angelica Parado-Abaya, Ithaca, attorney for the children.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered February 9, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter and a son (born in 2011 and 2012, respectively). Pursuant to an order issued on consent in August 2015, the mother and the father shared joint legal custody of the children, with primary physical custody to the father, and the mother received parenting time with the children every weekend — except the second weekend of each month — certain holidays and a full-month visit every July. In January 2017, the mother filed a petition in Tompkins County seeking physical custody of the children. Approximately one week later, the father filed a petition in Schuyler County requesting that the mother's parenting time be supervised and that he have final decision-making authority for the daughter's health care needs. In February 2017, the father's petition was transferred to Tomkins County.
In October 2017, one month after the fact-finding hearing concluded, but prior to Family Court rendering a decision, the mother moved to reopen the case to submit additional testimony from the father's ex-girlfriend regarding incidents of domestic violence and abuse of the subject children allegedly committed by the father. Family Court denied the mother's motion and then, after concluding that the father had established a change in circumstances, granted the father's petition to the extent of ordering minor changes to the mother's holiday and summer parenting time schedule and granting the father the final decision-making authority regarding the children's education and health care decisions when the parents disagree. The mother appeals.
We affirm. We first address Family Court's denial of the mother's motion to submit additional testimony after the close of proof. The decision whether to reopen a hearing to permit the introduction of additional evidence is committed to the discretion of Family Court upon consideration of "whether the movant has provided a sufficient offer of proof, whether the opposing party is prejudiced, and whether significant delay in the trial will result if the motion is granted" (Matter of Cook-Lynch v Valk, 126 AD3d 1062, 1063 [2015] [internal quotation marks and citations omitted]). The mother sought to reopen proof based on the ex-girlfriend having filed an amended petition in an unrelated custody proceeding two days after the hearing in this proceeding concluded. That petition contained allegations that the father had engaged in acts of domestic violence. The mother's attorney alleged that it was her "understanding" that the ex-girlfriend was prepared to testify that the father committed incidents of domestic violence against her and that she had observed the father engaging in inappropriate conduct with the children. Notably, the affirmation of the mother's attorney was not corroborated by an affidavit from the ex-girlfriend. In opposition, the father submitted a copy of the ex-girlfriend's amended petition, in which, as relevant here, she alleged only that the father committed acts of domestic violence against her and that he physically abused the children which, upon information and belief, resulted in child protective reports being filed.
Under these circumstances, Family Court properly found the offer of proof to be insufficient (see Matter of Cook-Lynch v Valk, 126 AD3d at 1063; Matter of Curtis N., 290 AD2d 755, 756 [2002], lv dismissed 97 NY2d 749 [2002]). Family Court was aware of the allegations of domestic violence asserted in the ex-girlfriend's amended petition; indeed, based on these allegations, it ordered an investigation of the father by the local social services agency that resulted in a report concluding that the father was a fit caretaker for the children. The court further noted that, although both parents had been in relationships involving domestic violence, the father was not currently in such a relationship. The court then concluded that, even if the ex-girlfriend's allegations were true, its decision to continue primary physical custody with the father would not be affected, in light of his demonstrated ability to meet the needs of the children and the mother's inability to do so at that time. Given these circumstances, we cannot say that Family Court's denial of the mother's motion to reopen the hearing constituted an improvident exercise of its considerable discretion (see Scott VV. v Joy VV, 103 AD3d 945, 949 [2013], lv denied 21 NY3d 909 [2013]).
Turning to the merits, "[a] parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of that order that would then warrant an inquiry into the best interests of the child" (Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 [2018]). The evidence reveals that the mother had not been exercising all of her scheduled parenting time, and she was not involved in the children's education or special services. In addition, it was unlikely that she would be able to the attend the majority of the children's medical or school appointments because she was unable to drive. She did not maintain steady employment and, consequently, had received an eviction notice. Further, as noted by Family Court, a variety of adults had resided in her home at various times. Under the circumstances, we find that the father demonstrated a change in circumstances since entry of the prior custody order that warranted a best interests analysis (see Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [2016]; Matter of Gasparro v Edwards, 85 AD3d 1222, 1223 [2011]).
As to the best interests analysis, "[w]hat custodial arrangement furthers the child's best interests involves the examination of factors such as the fitness, stability, past performance and home environment of each parent, as well as which parent is more capable of nurturing the child and fostering [his or] her relationship with the other parent" (Matter of Damiano v Guzzi, 157 AD3d at 1014). Upon review, we accord great deference to Family Court's factual findings and credibility determinations and will not disturb its custodial determination if supported by a sound and substantial basis in the record (see Matter of Barrows v Sherwood, 138 AD3d 1195, 1196 [2016]).
The record establishes no basis for changing the prior custody order's award of joint custody and primary physical custody to the father (see Matter of Emmanuel SS. v Thera SS., [*2]152 AD3d 900, 902 [2017], lv denied 30 NY3d 905 [2017]; Matter of Barrows v Sherwood, 138 AD3d at 1197). Notably, Family Court found that the father has effectively participated in the education of the children by ensuring that they receive appropriate services required to meet their special needs. Family Court further found that the father had engaged in efforts to improve communications with the mother regarding the children in an informative and nonconfrontational manner. The local social services agency also determined that the father is a fit caretaker for the children who provides an appropriate home environment. By contrast, the mother's living arrangements and employment were unstable, precluding her from consistently participating in assuring that the children's special educational needs were met, and she had rebuffed the father's efforts at improved communication. These factors also provide a basis for the minor modifications made to the prior custody order — a slight reduction in the mother's parenting time to comport with the schedule actually followed by the parties and authorization for the father to make final decisions regarding the education and health of the children when the parents disagree.
Egan Jr., J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.