Matter of Rosendahl v Winn (2019 NY Slip Op 06891)





Matter of Rosendahl v Winn


2019 NY Slip Op 06891


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


777 CAF 18-00298

[*1]IN THE MATTER OF STEPHANIE LIN ROSENDAHL, PETITIONER-APPELLANT,
v
RICHARD ALLEN WINN, III, RESPONDENT-RESPONDENT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR PETITIONER-APPELLANT.
ANTHONY J. DIMARTINO, JR., OSWEGO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered November 14, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, denied the petition seeking modification of a prior custody order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that denied her petition to the extent that it sought modification of a prior custody order, thereby continuing in effect the terms of the prior order that awarded her and respondent father joint physical and legal custody of the subject children and directed that the father have parenting time for four days a week and that his residence be deemed the children's residence for school enrollment purposes. Contrary to the mother's contention, there is a sound and substantial basis in the record for Supreme Court's determination that the mother failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the changes to the custody arrangement that she requested are in the best interests of the children (see Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]; Gizzi v Gizzi, 136 AD3d 1405, 1406 [4th Dept 2016]). In any event, the record also establishes that continuation of the relevant terms of the prior order are in the children's best interests (see Gizzi, 136 AD3d at 1406).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court